JESSE B. HARWELL v. THE STATE.

No. 8016.   Decided February 20, 1924.

Assault—School Teacher—Pupil—Chastisement.

Where, upon trial of assault by a school teacher upon a pupil twelve years of age, the question was one of fact for the jury and this court is not prepared to state that the jury was wrong in concluding that the punishment inflicted did not exceed the bounds of reasonable  chastisement, the judgment below must be affirmed.

Appeal from the County Court of Hale.   Tried below before the Honorable Meade F. Griffin.

Appeal from a conviction of assault;  penalty, twenty-five dollars. The opinion states the case.

*L. D. Griffin,* for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The offense is assault; punishment fixed at a fine of twenty-five dollars.

Appellant was a schoolmaster.  James Ferguson, a boy about twelve years of age, was his pupil.  The boy said that he was whipped with a board about eighteen inches long, about two inches wide and about one-eighth of an inch thick; that the appellant broke the board while whipping him and that he then doubled the board and continued to whip him, striking him about eleven licks, causing blue places on his hips and legs which lasted for about a week.  The boy was wearing unionalls and heavy underwear.  There were three bruised places on his body of about an inch and a half or two inches wide, from which oozed blood, though it did not come entirely but nearly through the clothing.  The boy said he could not sit down straight in an arm chair but had to slip down on his back for about a week or ten days. He also had bruised places on the lower cheek of his hips and the upper part of his leg.  The whipping was for truancy.  The father

of the boy testified that he examined him on the night after the whipping took place; that the blue places on his son's legs and hips showed that the hide had not been broken, but blood was oozing from them and would stain a white cloth; that there were four or five bruised places upon the hips and the upper part of his legs, and they were about two and a half to three inches long, and one inch and a half to two and a half inches wide. The flesh was beaten up very badly. The mother of the boy testified that she examined the bruises; that he complained of them for about a week or ten days; that after that time they disappeared. Other witnesses testified to the discolorations.

Miss Bowers, a school teacher, testified in substance this: The boy was whipped at her request because of his organizing a ''Tom Sawyer's Game.'' The punishment was given with a board about eighteen inches long, one and a half inches wide and one-eighth of an inch thick. Other boys were whipped about the same time. The board split, and appellant doubled it and used both pieces when James Ferguson was whipped. Appellant did not seem angry but was in perfectly good humor. James Ferguson did not stop school on account of the whipping, and remarked after the whipping that he ''had lots more fun than the whipping was worth and that he was going to play hooky again and see if the Professor will give him another whipping.'' There was evidence of the whipping given pro and con with reference to the character of the whipping given the other boys at the same time. Appellant did not testify.

There are no bill of exceptions nor complaints of the ruling of the trial court. The only question presented is the sufficiency of the evidence. The question seems to be one purely of fact. We are not prepared to say that the jury was wrong in concluding that the punishment inflicted did not exceed the bounds of reasonable chastisement.

The judgment will therefore be affirmed.

*Affirmed.*